# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roberto Vargas,<br><br>  Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>  Respondents. | No. CV-12-00772-TUC-RM<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation (Doc. 15) issued by Magistrate Judge Jacqueline M. Rateau. In the Report and Recommendation, Judge Rateau recommends denying Petitioner Robert Vargas's Petition for Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254.

On December 12, 2014, Petitioner filed a Motion for Extension of Time (Doc. 16) to file objections to Judge Rateau's Report and Recommendation. The Court granted the Motion on December 17, 2014, and ordered that Petitioner's objections be filed no later than February 13, 2015 (*see* Doc. 17). A review of the docket shows that, to date, Petitioner has not filed objections to Judge Rateau's Report and Recommendation.

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Rule 8(b) of the Rules Governing 2254 Cases in the United States District Courts. The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is

filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. *See also Prior v. Ryan*, 2012 WL 1344286, *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation on § 2254 petition); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error.").

The Court has reviewed the record and finds no error in Judge Rateau's thorough and carefully reasoned Report and Recommendation. Accordingly, the Report and Recommendation will be adopted in full and Petitioner's § 2254 Petition will be denied.

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b)(1). A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). In the certificate, the court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. §2253(c)(3). A substantial showing is made if "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner," of if "the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (internal quotation omitted). Upon review of the record in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue as the resolution of the Petition is not debatable among reasonable jurists and does not deserve further proceedings.

**IT IS HEREBY ORDERED:**

1. Magistrate Judge Rateau's Report and Recommendation (Doc. 15) is **accepted and adopted**.

2. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **denied**.

3. This case is **dismissed with prejudice**. The Clerk of Court is directed to enter judgment accordingly.

. . . .

- 2 -

1     4. The Court declines to issue a certificate of appealability.

2     Dated this 25th day of March, 2015.

                                                    Honorable Rosemary Márquez
                                                    United States District Judge